<span style="color:red">**FILED**
**Sep 05, 2024**
**11:40 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS</span>



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| WILLIAM JENKINS,<br>  Employee,<br>v.<br>TOYOTA MATERIAL HANDLING<br>MIDSOUTH,<br>  Employer,<br>And<br>MITZUI MARINE AND FIRE<br>INSURANCE COMPANY,<br>  Carrier. | ) Docket No. 2024-30-0490<br>)<br>)<br>)<br>)<br>) State File No. 3074-2024<br>)<br>)<br>)<br>)<br>) Judge Lisa A. Lowe<br>) |

---

## EXPEDITED HEARING ORDER

---

William Jenkins sustained a work-related back injury, and Toyota authorized medical treatment. At the Expedited Hearing, Mr. Jenkins sought temporary disability benefits from January 10 to July 1, 2024. For the reasons below, the Court holds Mr. Jenkins is not likely to prevail at a hearing on the merits and denies his request.

### History of Claim

At the time of his hire, Toyota gave Mr. Jenkins its policies and procedures handbook. As to work injuries and drug testing, the manual provides that blood and alcohol tests are to occur as quickly as possible after a work injury. Further, a duty to cooperate is a condition of continued employment, and refusing testing constitutes a failure to cooperate.

On January 9, 2024, Mr. Jenkins' supervisor Randy Pridemore met with Mr. Jenkins to discuss job performance and documented a verbal warning with a plan for improvement. Additionally, Mr. Pridemore testified that Mr. Jenkins was absent four times and a no-call/no-show on three occasions.

On January 10, Mr. Jenkins was sliding a tire and wheel onto a press stand when he

1

felt low-back pain. He finished his shift and notified Mr. Pridemore of the injury the next day. Human Resources Manager A'Daysha McGill contacted Mr. Jenkins and directed him to a clinic.

Mr. Jenkins testified the clinic is a walk-in facility, and he waited a long time to be seen, sometime between one and two hours. While waiting, he experienced increased back pain. Clinic staff told him that he could leave and come back later in the day, and they might be able to see him then.

Around the same time, Environmental Safety and Health Manager Robert Payne called Mr. Jenkins to prepare an incident report. Mr. Payne asked Mr. Jenkins if he had been drug tested, and Mr. Jenkins said "no." Mr. Payne notified him of the requirement that he submit to a post-accident alcohol and drug screen as soon as possible per Toyota's policy, and Mr. Payne scheduled an appointment for the drug test later that afternoon. However, Mr. Jenkins said that he had been sitting in a doctor's office for a long time and asked if he could take the drug test the next day.

Mr. Jenkins testified Mr. Payne told him he could take the test the next day, but Mr. Payne testified he told Mr. Jenkins that "as soon as possible" meant that day. Mr. Jenkins did not attend his drug test appointment, and Mr. Payne noted in his report that Mr. Jenkins refused to take the test.

After reviewing Mr. Payne's report documenting Mr. Jenkins's refusal to drug test, Mr. Pridemore met with Ms. McGill. They both testified that they took into consideration Mr. Jenkins's attendance and job performance problems coupled with his refusal to drug test and decided to terminate him for cause. Mr. Jenkins alleged Toyota terminated him because of his work injury.

Despite the termination, Toyota provided medical care, and the authorized physician wrote that Mr. Jenkins could work with restrictions. Ms. McGill testified that if Mr. Jenkins had not been terminated, Toyota could have accommodated those restrictions.

## Findings of Fact and Conclusions of Law

Mr. Jenkins must prove he is likely to prevail at a hearing on the merits regarding his request for temporary disability benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Temporary partial disability refers to the time during which an injured employee can resume some gainful employment but has not reached maximum recovery. *Frye v. Vincent Printing Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *15-16 (Aug. 2, 2016).

2

Even though an employee has a work-related injury for which temporary benefits are payable, an employer may still enforce workplace rules. *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *8 (Dec. 11, 2015). Thus, a termination due to a violation of workplace rules may relieve an employer of its obligation to provide temporary disability benefits, provided the termination was related to the workplace violation. *Id.*

Here, Mr. Jenkins had attendance and job performance problems before the work injury. Mr. Pridemore issued a verbal warning about those concerns. Further, Mr. Jenkins acknowledged receipt of Toyota's policies and procedures handbook regarding drug/alcohol testing after work injuries and knew that Toyota required a drug/alcohol test as soon as possible after a work injury. Mr. Payne also told him on the phone that he needed to have the test as soon as possible and scheduled an appointment for that afternoon. Mr. Jenkins claimed that Mr. Payne agreed that he could take the test the next day, but Mr. Payne refuted that assertion, and no evidence supports a test being scheduled for the next day. Finally, Mr. Jenkins did not appear for the scheduled drug/alcohol test.

The Court holds that Toyota's decision to end Mr. Jenkins' employment constituted a valid termination for cause based on his attendance and performance problems, coupled with his failure to take the drug/alcohol test. Thus, Mr. Jenkins is not likely to prevail on entitlement to temporary partial disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Jenkins's claim against Toyota Material Handling Midsouth and its carrier for the requested temporary partial disability benefits is denied at this time.

1. The Court sets a Status/Scheduling Hearing on **Tuesday, December 3, 2024, at 9:30 a.m. Eastern Time.** The parties must call 855-383-0003 to participate.

**ENTERED September 5, 2024.**

_____
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

3

## APPENDIX

**Exhibits**:

1. Rule 72 Declaration of William Jenkins
2. Written Statement of William Jenkins
3. Wage Statement
4. Separation Notice
5. Email from A'Daysha McGill
6. Emails with Randy Pridemore
7. Text Messages of Randy Pridemore
8. Toyota Material Handling Midsouth Policy & Procedure Manual
9. Incident Investigation Report
10. Attendance Record of William Jenkins
11. Policy Acknowledgment Status Report
12. EPassport Test Scheduling Document
13. Return to Work Statements of University Family Physicians

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as shown on September 5, 2024.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| William Jenkins, Employee | X | X | wscottj212@icloud.com 816 Green Meadows Drive Knoxville, TN 37920 |
| Jeffrey C. Taylor, Employer's Attorney | | X | jeff@taylorlawfirmtn.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

4



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

**Parties**

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                          Page **1** of **2**                          RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*